**Lawrence DeLEONARDIS, individually and as participant in the Lawrence DeLeonardis Rollover IRA Plan & Trust; Eileen DeLeonardis, individually and as participant in the Eileen DeLeonardis IRA Plan & Trust; Paul DeLeonardis; Mark DeLeonardis; James DeLeonardis; and Lisa DeLeonardis, Plaintiffs,**

**v.**

**Barry BERG, North Fork Bank; Berg Kaminsky & Klein; Berg & Gordon; Marcus & Company; Marcus Josephson & Company; Stephen Gordon and Each of the Other Firms in Which Barry Berg was Affiliated; and Each of the Partners and Principals Therein; N.W. Investors II, L.L.C.; Neal Wager; Butternut Associates; Charles T. Genovese; Michael Grifone; and William Bartlett, Defendants.**

**No. 97 CV 1655(NG).**

United States District Court, E.D. New York.

March 9, 1999.

---

Timothy J. Dennin, Timothy J. Dennin, P.C., New York City, for plaintiffs.

Eric J. Bressler, Wickham, Wickham & Bressler, P.C., Mattituck, NY, for defendant North Folk Bank.

## MEMORANDUM AND ORDER

GERSHON, District Judge.

Plaintiffs bring this motion for entry of a partial final judgment pursuant to Federal Rule of Civil Procedure 54(b). Defendant North Fork Bank ("NFB") opposes the motion. For the reasons stated below, plaintiffs' motion is granted.

In their amended complaint, plaintiffs assert claims against Barry Berg and the accounting firm of Berg Kaminsky & Klein ("the Berg defendants") and Marcus & Company and Marcus Josephson & Company ("the Marcus defendants") under the federal securities laws and New York common law. Plaintiffs bring three com-

mon law claims against North Fork Bank ("NFB"): breach of fiduciary duty, negligence and conversion. By Memorandum and Order dated September 15, 1998 ("September Memorandum"), the court dismissed all Section 12(1) claims and all Section 10(b) claims relating to securities transactions taking place before April 4, 1994 against the Berg defendants as time-barred. The court dismissed all claims under the federal securities law against the Marcus defendants as time-barred and dismissed all New York common law claims asserted against the Marcus defendants on jurisdictional grounds. Finally, the court dismissed all claims against NFB on the ground that the explicit terms of the Trust document absolves NFB of liability with respect to any investment made at Berg's direction. NFB, pursuant to Fed.R.Civ.P. 54(b), now moves the Court to enter a final judgment dismissing the complaint as to it. "The decision to enter judgment under Rule 54(b) is left to the sound discretion of the district court." *Lombard v. EDA,* No. 94 CV 1050, 1998 WL 273093, *1 (S.D.N.Y. May 27, 1998) (citation omitted).

 Rule 54(b) provides in relevant part that:

> [w]hen more than one claim for relief is presented in an action … or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties … upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment.

Fed.R.Civ.P. 54(b). Thus, to permit entry of a final, immediately appealable Rule 54(b) judgment, there must be:

> (1) multiple claims or multiple parties …, (2) at least one claim, or the rights and liabilities of at least one party, must be finally decided within the meaning of 28 U.S.C. § 1291, and (3) the district court must make an "express determination that there is no just reason for

delay" and expressly direct the clerk to enter judgment.

*Advanced Magnetics, Inc. v. Bayfront Partners, Inc.,* 106 F.3d 11, 16 (2d Cir. 1997) (citation omitted). Generally, a district court may make a finding that there is "no just reason for delay" only when "there exists some danger of hardship or injustice through delay which would be alleviated by immediate appeal, for example, where a plaintiff might be prejudiced by a delay in recovering a monetary award or where an expensive and duplicative trial could be avoided if, without delaying prosecution of the surviving claims, a dismissed claim were reversed in time to be tried with the other claims." *Id.* (internal quotation marks and citations omitted).

 "Only those claims 'inherently inseparable' from or 'inextricably interrelated' to each other are inappropriate for rule 54(b) certification." *Ginett v. Computer Task Group, Inc.,* 962 F.2d 1085, 1096 (2d Cir.1992). While, on the motion to dismiss, plaintiffs argued that "[t]he claims against Berg and North Fork are part of a single 'ball of wax' ", *see* September Memorandum at 11, the claims against NFB were dismissed on the sole ground that the explicit terms of the Trust document absolve NFB of liability with respect to any investment made at Berg's direction. That issue, the interpretation of the explicit language of the Trust agreement between plaintiffs and NFB, is independent and factually distinct from the surviving claims against the remaining defendants. *See Advanced Magnetics,* 106 F.3d at 17; *Lombard,* 1998 WL 273093, at *1. Nothing that will be presented at trial of the remaining claims is expected to shed light on the interpretation of the language of the Trust agreement that would be the subject of the proposed appeal; and, to the extent that plaintiffs' claims under the federal securities laws and New York common law against the Berg defendants may be the subject of a future appeal, that appeal will have no relationship to the interpretation

of the terms of the Trust agreement between plaintiffs and NFB. *See id.*

Turning to the question of whether there is "no just reason for delay," resolution of plaintiffs' claims against NFB by the Court of Appeals at this time will affect the proper scope of pretrial discovery, which will be more extensive if defendant NFB remains in the case. *Lombard,* 1998 WL 273093, at *1; *Trugman–Nash, Inc. v. New Zealand Dairy Bd., Milk Prods. Holdings (North America), Inc.,* 954 F.Supp. 733, 738 (S.D.N.Y.1997). If my determination regarding the terms of the Trust agreement is reversed and plaintiffs' claims against defendant NFB remain a part of this case after appeal, a single trial of all claims is preferable. These considerations persuade me that the entry of a final judgment as to defendant NFB will promote judicial efficiency and preserve the resources of the parties. Although I recognize that "the court's power under Rule 54(b) ... should be exercised sparingly," *Advanced Magnetics,* 106 F.3d at 16 (internal quotation marks and citations omitted), in order to avoid piecemeal appeals, entry of a final judgment as to defendant NFB is appropriate here.

### CONCLUSION

For the foregoing reasons, plaintiffs' motion is granted. There being no just reason for delay pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk of Court shall, in accordance with this Memorandum and Order, enter final judgment against defendant NFB.

**SO ORDERED.**